## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

MARK A. PIFER,                              )
                                            )
       Petitioner,                      )
                                            )       **CIVIL ACTION NO. 2:16-04905**
v.                                          )
                                            )
STATE OF WEST VIRGINIA,                     )
                                            )
       Respondent.                      )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 2), filed on May 31, 2016. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Petitioner's Section 2254 Petition as untimely.

### PROCEDURE AND FACTS

1.  **Criminal Action Nos. 10-F-108 and 10-F-181:**

On June 7, 2010, the Grand Jury of Marion County, West Virginia returned an Indictment against Petitioner charging him with Domestic Battery Third Offense in violation of W. Va. Code § 61-2-28(a) and (d) (Case No. 10-F-108). (Document No. 12-3.) On October 12, 2010, the Grand Jury of Marion County, West Virginia, returned an Indictment against Petitioner charging him with one count of Sexual Abuse in the First Degree in violation of W. Va. Code § 61-8B7(a)(3) (Count One) and one count of Sexual Abuse By a Parent, Guardian, or Custodian in violation of

W. Va. Code § 61-8D-5 (Count Two) (Case No. 10-F-181). (Document No. 12-1.) On August 29, 2012, Petitioner pled guilty by *Alford* plea to Sexual Abuse in the First Degree (Count One) in Case No. 10-F-181. (Document No. 12-5 and Document No. 12-6, pp. 1 - 6.) Pursuant to the Plea Agreement, the charge of Sexual Abuse By a Parent, Guardian, or Custodian (Count Two) in Case No. 10-F-181 and the charge of Domestic Battery in Case No. 10-F-108 were dismissed. (Id. and Document No. 12-7.) On the same day, the Circuit Court sentenced Petitioner to an indeterminate sentence of one (1) to five (5) years, with credit for time served.[1] (Document No. 12-6, pp. 1 - 6.) The Circuit Court further imposed a 25-year term of supervised release and directed that Petitioner register as a sexual offender for the remainder of his life. (Id.)

On December 27, 2012, Petitioner, by counsel, Scott A. Shough, filed a Notice of Appeal. (Document No. 12-6, p. 9 and Document No. 12-8.) In his appeal, Petitioner argued as follows: (1) The supervised release provisions under W. Va. Code § 62-12-26 are unconstitutional under the proportionality principle and the prohibition against cruel and unusual punishment under the United States and West Virginia Constitutions; and (2) The Circuit Court imposed extended supervision without considering the underlying nature of Petitioner's crime or setting forth a factual basis for the term of supervision. (Document No. 12-6, pp. 9 – 11.); State v. Pifer, 2013 WL 5708442 (W.Va. Oct. 21, 2013). By Memorandum Decision entered on October 21, 2013, the West Virginia Supreme Court affirmed Petitioner's conviction and sentence. (Id.) The final mandate order was entered on November 20, 2013. (Document No. 12-9.) Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court.

On May 18, 2015, Petitioner filed a "Pro se Motion for Termination of Extended Supervised Release." (Document No. 12-11.) By Order entered on May 22, 2015, the Circuit Court

---

[1] Petitioner discharged his term of imprisonment on July 2, 2013. (Document No. 12-10.)

appointed Mr. Shough "to represent the defendant on Defendant's Motion for Termination of Extended Supervised Release." (Document No. 12-12.) On November 23, 2015, Petitioner, by counsel, Mr. Shough, filed a "Motion for Release from Extended Supervision." (Document No. 12-13.) By Order entered on December 18, 2015, the Circuit Court denied Petitioner's above Motions. (Document No. 12-2 and Document No. 2-1, pp. 1 - 3.)

**2.    Instant Section 2254 Petition:**

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on May 31, 2016.[2] (Document No. 2.) In his Petition, Petitioner alleges malicious prosecution and ineffective assistance of counsel as grounds for *habeas* relief. (Id., pp. 5 – 9.) As Exhibits, Petitioner attaches the following: (1) A copy of the Circuit Court's "Order Denying Defendant's Motion for Release From Extended Supervision" dated December 18, 2015 (Document No. 2-1, pp. 1 – 4.); (2) A copy of a letter dated April 21, 2015, addressed to Judge Michael John Aloi regarding Petitioner's treatment from "The Counseling Connection Sex Offender Treatment Program" (Id., pp. 5 – 7.); (3) A copy of a letter in support of Petitioner dated August 19, 2015, from Monica L. Helm, Case Manger from Roark-Sullivan Lifeway Center, Inc. (Id., p. 8.); (4) A copy of a letter in support of Petitioner dated September 4, 2015, from Rev. David Snead from the Union Mission (Id., p. 9.); (5) A copy of a letter in support of Petitioner dated September 13, 2015, from Rev. Monty Brown from the St. Marks United Methodist Church (Id., p. 10.); (6) A copy of a letter dated October 30, 2013, from Attorney Scott A. Shough providing Petitioner with a copy of the West Virginia Supreme Court's decision as to his direct appeal (Id.,

---

[2] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

pp. 11 – 14.); (7) A copy of the Lawyer Disciplinary Board's decision dated August 24, 2012, denying Petitioner's Complaint against Christina A. Mulligan (Id., pp. 15 – 19.); (8) A copy of Petitioner's Complaint against Christina A. Mulligan as filed with the Lawyer Disciplinary Board (Id., pp. 20 – 21.); (9) A copy of Petitioner's Complaint against Heidi G. Sturm as filed with the Lawyer Disciplinary Board (Id., pp. 22 - 23.); (10) A copy of pertinent letters from Attorney Sturm to Petitioner (Id., pp. 24 – 25, 30 - 34.); and (11) A copy of the Lawyer Disciplinary Board's decision dated December 7, 2012, denying Petitioner's Complaint against Heidi M. Sturm (Id., pp. 26 – 29.)

By Order entered on June 7, 2016, the undersigned directed Respondent to file a limited Response addressing the timeliness of Petitioner's Petition. (Document No. 7.) On July 8, 2016, Respondent filed his "Limited Response to Petition" and Memorandum in Support. (Document Nos. 11 and 13.) Specifically, Respondent argues that Petitioner's Petition is untimely and should be dismissed with prejudice for failure to file within the limitation period prescribed by 28 U.S.C. § 2244(d). (Id.)

As Exhibits, Respondent attaches the following: (1) A copy of Petitioner's Indictment as filed in the Circuit Court of Marion County, West Virginia, in Case No. 10-F-181 (Document No. 12-1.); (2) A copy of the Docket Sheet for Case No. 10-F-181 (Document No. 12-2.); (3) A copy of Petitioner's Indictment as filed in the Circuit Court of Marion County, West Virginia, in Case No. 10-F-108 (Document No. 12-3.); (4) A copy of the Docket Sheet for Case No. 10-F-108 (Document No. 12-4.); (5) A copy of Petitioner's "Plea Agreement" and "Plea" as filed in Case No. 10-F-181 (Document No. 12-5.); (6) A copy of the "Plea and Sentencing Order" as filed in Case No. 10-F-181 (Document No. 12-6, pp. 1 - 8.); (7) A copy of the West Virginia Supreme Court's "Memorandum Decision" filed on October 21, 2013, affirming Petitioner's conviction and

4

sentence (Id., pp. 9 – 11.); (8) A copy of the Circuit Court's "Order Dismissing Case" as filed in Case No. 10-F-108 (Document No. 12-7.); (9) A copy of an Order from the West Virginia Supreme Court dated July 9, 2013, directing Petitioner to file a motion for leave to file the notice of appeal and to perfect the appeal out of time (Document No. 12-8.); (10) A copy of the West Virginia Supreme Court's "Mandate" issued on November 20, 2013 (Document No. 12-9.); (11) A copy of Petitioner's "Official Certificate of Discharge" from the State of West Virginia Division of Corrections (Document No. 12-10.); (12) A copy of Petitioner's "Pro se Motion for Termination of Extended Supervised Release" dated May 18, 2015, as filed in the Circuit Court of Marion County (Document No. 12-11.); (13) A copy of the Circuit Court's "Order Appointing Counsel" entered on May 22, 2015 (Document No. 12-12.); (14) A copy of Petitioner's "Motion for Release from Extended Supervision" as filed by counsel, Scott A. Shough, on November 23, 2015 (Document No. 12-13.).

On September 20, 2016, Petitioner filed additional documentation in support of his claim of ineffective assistance of counsel by Attorney Heidi Sturm. (Document No. 14.) Specifically, Petitioner attaches a copy of an article entitled: "Supreme Court suspends Fairmont attorney's law license" (Id., pp. 2 – 5.)

On January 12, 2017, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's request for dismissal. (Document No. 15.) On February 21, 2017, Petitioner filed his Reply. (Document No. 17.) Specifically, Petitioner argues that his Petition is timely because his Section 2254 Petition was filed within one year of the Circuit Court's Order denying of his "Motion for Release from Extended Supervision." (Id.) Additionally, Petitioner continues to set forth arguments in support of his claims of malicious prosecution and ineffective assistance of counsel. (Id.) Finally,

5

Petitioner argues that his term of supervised release is excessive and constitutes cruel and unusual punishment in violation of the Eighth Amendment. (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of a letter in support of Petitioner dated August 19, 2015, from Monica L. Helm, Case Manger from Roark-Sullivan Lifeway Center, Inc. (Document No. 17-1, p. 1.); (2) A copy of a letter in support of Petitioner dated September 13, 2015, from Rev. Monty Brown from the St. Marks United Methodist Church (Id., p. 2.); (3) A copy of a letter dated April 21, 2015, addressed to Judge Michael John Aloi regarding Petitioner's treatment from "The Counseling Connection Sex Offender Treatment Program" (Id., pp. 3 – 5.); (4) A copy of Petitioner's Complaint against Heidi G. Sturm as filed with the Lawyer Disciplinary Board (Document No. 17-2, pp. 1 – 2.); (5) A copy of the Lawyer Disciplinary Board's decision dated December 7, 2012, denying Petitioner's Complaint against Heidi M. Sturm (Id., pp. 3 – 6.); (6) A copy of a letter addressed to Attorney Sturm from Petitioner dated December 6, 2011, stating that he would not participate in an evaluation and he wished to assert "prosecutorial misconduct" as grounds for dismissal (Document No. 17-3.).

## THE APPLICABLE STANDARD

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to motions to dismiss. See Walker v. True, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); also see Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009)(citing Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). The court,

however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" <u>Massey v. Ojaniit</u>, 759 F.3d 343, 353 (4th Cir. 2014)(quoting <u>Blankenship v. Manchin</u>, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits." <u>Wolfe</u>, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment. <u>Walker</u>, 589 F.3d at 139.

## <u>ANALYSIS</u>

In 1996, Congress enacted the AEDPA, which established a one-year period of limitation governing the filing of Section 2254 *habeas* petitions. The one-year period runs from the latest of one of four specified events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The undersigned will first consider the timeliness of Petitioner's Petition under Section 2244(d)(1)(A). Section 2244(d)(1)(A) provides that Section 2254 *habeas* petitions must be filed

within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If the Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's direct appeal of his conviction and sentence was denied by the West Virginia Supreme Court of Appeals on October 21, 2013. Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court, and therefore his conviction became final under 28 U.S.C. § 2244(d)(1)(A) on January 20, 2014 (90 days after the West Virginia Supreme Court of Appeals affirmed his conviction and sentence).[3] Thus, pursuant to Rule 6(a) of the Federal Rules

---

[3] To the extent Respondent argues that Petitioner's sentence became final 90 days after the date of the mandate (February 18, 2014), the undersigned disagrees. Although the West Virginia Rules of Appellate Procedure provide that the date of issuance of a mandate is when a judgment becomes final, that is not the case with respect to the filing of a petition for a writ of certiorari and the calculation of the statute of limitations under 28 U.S.C. § 2244(d)(1)(A). Rather, pursuant to Rule 13.1 of the United States Supreme Court Rules:

> Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, *entered by a state court of last resort* . . . is timely filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days *after entry of the order denying discretionary review*.

Sup. Ct. R. 13.1 [Emphasis added]. Rule 13.3 provides, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." Sup. Ct. R. 13.3. Thus, the 90-day period for filing a petition for a writ of certiorari runs from the date that the SCAWV's Memorandum Decision was entered, and not the date of the mandate.

of Civil Procedure,[4] the one-year statute of limitation began to run on January 21, 2014, and

Petitioner had until January 20, 2015, to file a Section 2254 Application in the United States

District Court, unless he first sought post-conviction relief from the State Courts.

Petitioner failed to seek *any* relief from the State Courts until May 18, 2015. Petitioner

filed his *pro se* Motion for Termination of Extended Supervised Release pursuant to West Virginia

Code § 62-12-26(g)(1) on May 18, 2015, approximately four months after the 28 U.S.C. §

2244(d)(1) one-year period of limitation expired.[5] Thus, the one-year limitation period expired on

January 20, 2015, as Petitioner did not have a State *habeas* petition pending at any time between

January 21, 2014, through January 20, 2015. Petitioner filed his instant Section 2254 Petition on

May 31, 2016, more than 1 year and 4 months after the expiration of the limitations period.

Petitioner's Section 2254 Petition is therefore clearly untimely unless one of Section 2244(d)(1)'s

---

[4] Rule 6(a) of the Federal Rules of Civil Procedure provides in part, as follows:

> **(a) Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>> **(1) Period Stated in Days or a Longer Unit.**
>> When the period is stated in days or a longer unit of time:
>>> **(A)** exclude the day of the event that triggers the period;
>> **(B)** count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>> **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

[5] Even assuming the filing of the above Motion could have tolled the statute of limitation period, such was not filed until the expiration of the limitation period and the one-year limitation period was not tolled. *See Wall v. Kholi*, 562 U.S. 545, 546, 131 S.Ct. 1278, 1281, 179 L.Ed.2d 252 (2011)(holding that AEDPA's limitation period may be tolled by the filing of a motion to reduce sentence pursuant to Rule 35); *Bellamy v. Plumley*, 2015 WL 2155697, * 5 (S.D.W.Va. May 7, 2015)("While a motion to reduce sentence may toll the AEDPA's statute of limitations from running, an untimely motion does not since it is not 'properly file' within the meaning of § 2244(d)(2)."); *Johnson v. Plumley*, 2014 WL 3735856, fn. 2 (N.D.W.Va. July 29, 2014)("[A] motion to reduce a sentence seeks collateral relief, and thus triggers the tolling provision of 28 U.S.C. § 2244(d)(2)").

other subsections are applicable. Considering the application of Section 2244(d)(1)(B), (C), and (D) there is no allegation or indication that any such subsection is applicable in the instant case. Specifically, Petitioner does not allege any impediments to filing, a newly recognized right, or a newly discovered fact that would implicate the provisions of 28 U.S.C. § 2244(d)(1)(B) – (D). Therefore, the undersigned finds that Petitioner's Section 2254 *habeas* Petition was filed outside the limitation period under 28 U.S.C. § 2244(d).

Nevertheless, the one-year limitation period may be subject to equitable modification in appropriate cases. See Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010); Harris v. Hutchinson, 209 F.3d 325, 328-31 (4th Cir. 2000). In Holland, the United States Supreme Court concluded that Section 2244(d) may be tolled "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649, 130 S.Ct. at 2562; also see Harris, 209 F.3d at 330(petitioner bears the burden of proof regarding equitable tolling). The doctrine of equitable tolling has generally been applied in two distinct situations. First, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to the respondent's wrongful conduct. Harris, 209 F.3d at 330. Second, the doctrine has been applied in situations where the petitioner was prevented from asserting his claims due to circumstances beyond his control or "external to the party's own conduct." Id. The Harris Court made it clear that equitable tolling should rarely be allowed stating as follows (Id.):

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice

would result.

Harris, 209 F.3d at 330. The undersigned finds that Petitioner has not presented "extraordinary circumstances" beyond his control to justify invoking the doctrine of equitable tolling. A misunderstanding of the statutory limitation period, no matter how innocent it may be, does not constitute "extraordinary circumstances" beyond Petitioner's control to justify equitable tolling of the limitation period.

> [T]the mistake in this case is not extenuated by any lack of clarity in the statute. The language of §§ 2244(d) provides unambiguously that the one-year period within which a federal habeas petition must be filed commences on the "conclusion of direct review." This language does not contribute to a misunderstanding that would have the time commence on the "conclusion of State post-conviction proceedings.

Harris, 209 F.3d at 331. Furthermore, the particular "facts and circumstances" of Petitioner's case do not warrant equitable tolling. Petitioner's instant Petition was filed more than 1 year and 4 months after the Section 2244(d) one-year period expired. Petitioner is, therefore, hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2254 action be dismissed as untimely unless Petitioner can demonstrate that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Respondent's "Limited Response" requesting dismissal of Petitioner's Section 2254 Petition as untimely (Document No. 11), **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 2) and remove this matter from the Court's docket unless Petitioner can demonstrate within the period of time allotted for objecting

11

to this Proposed Findings and Recommendation that the Petition was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States Chief District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: March 7, 2018.

Omar J. Aboulhosn
United States Magistrate Judge

12