IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARK A. PIFER,

    Petitioner,

v.                                             CIVIL ACTION NO. 2:16-cv-04905

STATE OF WEST VIRGINIA,

    Respondent.

**ORDER**

Pending before the Court is Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus By a Person in State Custody. (ECF No. 2.) By Standing Order entered on June 1, 2016, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on March 7, 2018, recommending that the Court grant Respondent's "Limited Response" requesting dismissal of Petitioner's Section 2254 Petition as untimely and deny Petitioner's Section 2254 Petition unless Petitioner can demonstrate within the period of time allotted for objections that his Petition was timely filed or that circumstances exist that would permit equitable tolling of the limitation period. (ECF No. 19.)

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal this

Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due March 26, 2018. (*See* ECF No. 19.) To date, no objections have been filed. Furthermore, Petitioner has not demonstrated that the Section 2254 Petition was filed within the proper time period or that circumstances exist which would permit equitable tolling of the limitation period. Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 19), **GRANTS** Respondent's "Limited Response", (ECF No. 11), **DENIES** Petitioner's Section 2254 Petition, (ECF No. 2), and **ORDERS** that this action be **DISMISSED WITH PREJUDICE**. The Court further **DIRECTS** the Clerk to remove this case from the Court's docket.

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, Petitioner may not appeal the Court's denial of a certificate of appealability, but he

may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. The Court thus **DENIES** a certificate of appealability.

    **IT IS SO ORDERED**.

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    April 5, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE