# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

| | |
|---|---|
| **MARK A. PIFER,** | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. 2:16-04905 |
| v. | ) |
| **STATE OF WEST VIRGINIA,** | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Petitioner's Motion to Reopen (Document No. 23), filed on March 11, 2025; (2) Petitioner's Motion to Vacate Sentence (Document No. 24), also filed on March 11, 2025; and (3) Petitioner's Amended Motion to Vacate Sentence (Document No. 27), filed on April 21, 2025. Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Petitioner's Motion to Reopen (Document No. 23) and dismiss Petitioner's Motion to Vacate and Amended Motion to Vacate (Document Nos. 24 and 27).

## PROCEDURE AND FACTS

**1.    Criminal Action Nos. 10-F-108 and 10-F-181:**

On June 7, 2010, the Grand Jury of Marion County, West Virginia returned an Indictment against Petitioner charging him with Domestic Battery Third Offense in violation of W. Va. Code § 61-2-28(a) and (d) (Case No. 10-F-108). (Document No. 12-3.) On October 12, 2010, the Grand Jury of Marion County, West Virginia, returned an Indictment against Petitioner charging him with one count of Sexual Abuse in the First Degree in violation of W. Va. Code § 61-8B7(a)(3) (Count One) and one count of Sexual Abuse By a Parent, Guardian, or Custodian in violation of

W. Va. Code § 61-8D-5 (Count Two) (Case No. 10-F-181). (Document No. 12-1.) On August 29, 2012, Petitioner pled guilty by *Alford* plea to Sexual Abuse in the First Degree (Count One) in Case No. 10-F-181. (Document No. 12-5 and Document No. 12-6, pp. 1 - 6.) Pursuant to the Plea Agreement, the charge of Sexual Abuse By a Parent, Guardian, or Custodian (Count Two) in Case No. 10-F-181 and the charge of Domestic Battery in Case No. 10-F-108 were dismissed. (Id. and Document No. 12-7.) On the same day, the Circuit Court sentenced Petitioner to an indeterminate sentence of one (1) to five (5) years, with credit for time served.[1] (Document No. 12-6, pp. 1 - 6.) The Circuit Court further imposed a 25-year term of supervised release and directed that Petitioner register as a sexual offender for the remainder of his life. (Id.)

On December 27, 2012, Petitioner, by counsel, Scott A. Shough, filed a Notice of Appeal. (Document No. 12-6, p. 9 and Document No. 12-8.) In his appeal, Petitioner argued as follows: (1) The supervised release provisions under W. Va. Code § 62-12-26 are unconstitutional under the proportionality principle and the prohibition against cruel and unusual punishment under the United States and West Virginia Constitutions; and (2) The Circuit Court imposed extended supervision without considering the underlying nature of Petitioner's crime or setting forth a factual basis for the term of supervision. (Document No. 12-6, pp. 9 – 11.); State v. Pifer, 2013 WL 5708442 (W.Va. Oct. 21, 2013). By Memorandum Decision entered on October 21, 2013, the West Virginia Supreme Court affirmed Petitioner's conviction and sentence. (Id.) The final mandate order was entered on November 20, 2013. (Document No. 12-9.) Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court.

On May 18, 2015, Petitioner filed a "Pro se Motion for Termination of Extended

---

[1] Petitioner discharged his term of imprisonment on July 2, 2013. (Document No. 12-10.)

Supervised Release." (Document No. 12-11.) By Order entered on May 22, 2015, the Circuit Court appointed Mr. Shough "to represent the defendant on Defendant's Motion for Termination of Extended Supervised Release." (Document No. 12-12.) On November 23, 2015, Petitioner, by counsel, Mr. Shough, filed a "Motion for Release from Extended Supervision." (Document No. 12-13.) By Order entered on December 18, 2015, the Circuit Court denied Petitioner's above Motions. (Document No. 12-2 and Document No. 2-1, pp. 1 - 3.)

On February 2, 2022, Petitioner, by counsel, Nicholas Forrest Colvin, filed a Motion for Post-Conviction Habeas Corpus and Memorandum in Support. (Document No. 23-1, pp. 9 – 21.) On January 3, 2023, Petitioner, by counsel, filed a "Memorandum in Re: Coram Nobis." (Id., pp. 22 - 26.) On June 9, 2023, the Circuit Court entered a "Final Order Denying Petition for Writ of Coram Nobis." (Id., pp. 28 – 45.)

**2.     Section 2254 Petition:**

Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on May 31, 2016.[2] (Document No. 2.) In his Petition, Petitioner alleged ineffective assistance of counsel and malicious prosecution as grounds for *habeas* relief. (Id., pp. 5 – 9.) Specifically, Petitioner asserted as follows:

1. Ineffective Assistance of Counsel:
    (a) Heidi Sturm failed "miserably in representation, not one in-person interview during incarceration at North Central Regional Jail," "failed to pursue information given to her by myself concerning other Court documents of the victim's mother (Kelly Jo Cody), who had a history of making false claims," and the victim's mother "had her oldest daughter taken from her for undetermined reasons."

---

[2] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

      (b)      Harry Montoro failed "to pursue same evidence helpful to my case," "neglected to follow up on information given to help my case saying 'we're not going on a wild goose chase.'"

  2.      Malicious Prosecution:

      (a)      Due to serious issues discovered in the Prosecutor's Office, all attorneys and prosecutor swiftly pushed this thru to save humiliation to the Prosecutor's Office.

      (b)      The original Prosecutor Christian Mulligan was fired, the original charge was a misdemeanor, which was agreed upon by all parties should I turn myself it. I did so and was trapped, charged with a felony.

      (c)      The facts and evidence in this case are disproportionate for the sentence, statements taken by the DHHR are not the facts of the case.

(Id.) As Exhibits, Petitioner attached the following: (1) A copy of the Circuit Court's "Order Denying Defendant's Motion for Release From Extended Supervision" dated December 18, 2015 (Document No. 2-1, pp. 1 – 4.); (2) A copy of a letter dated April 21, 2015, addressed to Judge Michael John Aloi regarding Petitioner's treatment from "The Counseling Connection Sex Offender Treatment Program" (Id., pp. 5 – 7.); (3) A copy of a letter in support of Petitioner dated August 19, 2015, from Monica L. Helm, Case Manger from Roark-Sullivan Lifeway Center, Inc. (Id., p. 8.); (4) A copy of a letter in support of Petitioner dated September 4, 2015, from Rev. David Snead from the Union Mission (Id., p. 9.); (5) A copy of a letter in support of Petitioner dated September 13, 2015, from Rev. Monty Brown from the St. Marks United Methodist Church (Id., p. 10.); (6) A copy of a letter dated October 30, 2013, from Attorney Scott A. Shough providing Petitioner with a copy of the West Virginia Supreme Court's decision as to his direct appeal (Id., pp. 11 – 14.); (7) A copy of the Lawyer Disciplinary Board's decision dated August 24, 2012, denying Petitioner's Complaint against Christina A. Mulligan (Id., pp. 15 – 19.); (8) A copy of

Petitioner's Complaint against Christina A. Mulligan as filed with the Lawyer Disciplinary Board (Id., pp. 20 – 21.); (9) A copy of Petitioner's Complaint against Heidi G. Sturm as filed with the Lawyer Disciplinary Board (Id., pp. 22 - 23.); (10) A copy of pertinent letters from Attorney Sturm to Petitioner (Id., pp. 24 – 25, 30 - 34.); and (11) A copy of the Lawyer Disciplinary Board's decision dated December 7, 2012, denying Petitioner's Complaint against Heidi M. Sturm (Id., pp. 26 – 29.)

By Order entered on June 7, 2016, the undersigned directed Respondent to file a limited Response addressing the timeliness of Petitioner's Petition. (Document No. 7.) On July 8, 2016, Respondent filed his "Limited Response to Petition" and Memorandum in Support. (Document Nos. 11 and 13.) Specifically, Respondent argued that Petitioner's Petition was untimely and should be dismissed with prejudice for failure to file within the limitation period prescribed by 28 U.S.C. § 2244(d). (Id.)

As Exhibits, Respondent attached the following: (1) A copy of Petitioner's Indictment as filed in the Circuit Court of Marion County, West Virginia, in Case No. 10-F-181 (Document No. 12-1.); (2) A copy of the Docket Sheet for Case No. 10-F-181 (Document No. 12-2.); (3) A copy of Petitioner's Indictment as filed in the Circuit Court of Marion County, West Virginia, in Case No. 10-F-108 (Document No. 12-3.); (4) A copy of the Docket Sheet for Case No. 10-F-108 (Document No. 12-4.); (5) A copy of Petitioner's "Plea Agreement" and "Plea" as filed in Case No. 10-F-181 (Document No. 12-5.); (6) A copy of the "Plea and Sentencing Order" as filed in Case No. 10-F-181 (Document No. 12-6, pp. 1 - 8.); (7) A copy of the West Virginia Supreme Court's "Memorandum Decision" filed on October 21, 2013, affirming Petitioner's conviction and sentence (Id., pp. 9 – 11.); (8) A copy of the Circuit Court's "Order Dismissing Case" as filed in

5

Case No. 10-F-108 (Document No. 12-7.); (9) A copy of an Order from the West Virginia Supreme Court dated July 9, 2013, directing Petitioner to file a motion for leave to file the notice of appeal and to perfect the appeal out of time (Document No. 12-8.); (10) A copy of the West Virginia Supreme Court's "Mandate" issued on November 20, 2013 (Document No. 12-9.); (11) A copy of Petitioner's "Official Certificate of Discharge" from the State of West Virginia Division of Corrections (Document No. 12-10.); (12) A copy of Petitioner's "Pro se Motion for Termination of Extended Supervised Release" dated May 18, 2015, as filed in the Circuit Court of Marion County (Document No. 12-11.); (13) A copy of the Circuit Court's "Order Appointing Counsel" entered on May 22, 2015 (Document No. 12-12.); (14) A copy of Petitioner's "Motion for Release from Extended Supervision" as filed by counsel, Scott A. Shough, on November 23, 2015 (Document No. 12-13.).

On September 20, 2016, Petitioner filed additional documentation in support of his claim of ineffective assistance of counsel by Attorney Heidi Sturm. (Document No. 14.) Specifically, Petitioner attached a copy of an article entitled: "Supreme Court suspends Fairmont attorney's law license" (Id., pp. 2 – 5.)

On January 12, 2017, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's request for dismissal. (Document No. 15.) On February 21, 2017, Petitioner filed his Reply. (Document No. 17.) Specifically, Petitioner argued that his Petition was timely because his Section 2254 Petition was filed within one year of the Circuit Court's Order denying of his "Motion for Release from Extended Supervision." (Id.) Additionally, Petitioner continued to set forth arguments in support of his claims of malicious prosecution and ineffective assistance of counsel. (Id.) Finally,

6

Petitioner argued that his term of supervised release was excessive and constitutes cruel and unusual punishment in violation of the Eighth Amendment. (Id.)

As Exhibits, Petitioner attached the following: (1) A copy of a letter in support of Petitioner dated August 19, 2015, from Monica L. Helm, Case Manger from Roark-Sullivan Lifeway Center, Inc. (Document No. 17-1, p. 1.); (2) A copy of a letter in support of Petitioner dated September 13, 2015, from Rev. Monty Brown from the St. Marks United Methodist Church (Id., p. 2.); (3) A copy of a letter dated April 21, 2015, addressed to Judge Michael John Aloi regarding Petitioner's treatment from "The Counseling Connection Sex Offender Treatment Program" (Id., pp. 3 – 5.); (4) A copy of Petitioner's Complaint against Heidi G. Sturm as filed with the Lawyer Disciplinary Board (Document No. 17-2, pp. 1 – 2.); (5) A copy of the Lawyer Disciplinary Board's decision dated December 7, 2012, denying Petitioner's Complaint against Heidi M. Sturm (Id., pp. 3 – 6.); (6) A copy of a letter addressed to Attorney Sturm from Petitioner dated December 6, 2011, stating that he would not participate in an evaluation and he wished to assert "prosecutorial misconduct" as grounds for dismissal (Document No. 17-3.).

By Proposed Findings and Recommendation entered on March 7, 2018, the undersigned recommended that the District Court grant Respondent's "Limited Response" requesting dismissal of Petitioner's Section 2254 Petition as untimely and dismiss Petitioner's Section 2254 Petition. (Document No. 19.) Petitioner failed to file any Objections. By Order entered on April 5, 2018, United States District Judge Thomas E. Johnston adopted the undersigned's recommendation, granted Respondent's "Limited Response" requesting dismissal, and dismissed the above action. (Document Nos. 20 and 21.)

On March 11, 2025, Petitioner filed a Motion to Reopen and Motion to Vacate Sentence. (Document Nos. 23 and 24.) On April 21, 2025, Petitioner filed an additional document in support of his Motions. (Document No. 26.) On April 21, 2025, Petitioner filed an Amended Motion to Vacate."(Document No. 27.)

## ANALYSIS

**1.     Motion to Reopen:**

In the Motion to Reopen, Petitioner states that he requests the case be reopened "based on newly discovered evidence that was not available at the time of the original hearing, which, if considered, would likely have resulted in a different outcome in this matter." (Document No. 23.) Petitioner explains that "[a]fter obtaining private counsel, Nicholas Colvin, who is not representing [him] in this matter, discover[ed] multiple errors, lack of and lost evidence by the State of West Virginia." (Id.) First, Petitioner states that "[p]revious defense attorney Heidi Sturm wasn't competent, Harry Montoro did no investigating whatsoever of CPS cases against the mother Kelly Cody, or other people she had accused which [Petitioner] had requested."[3] (Id.) Petitioner complains that the "State continues to deny any and all motions [Petitioner] present, even with clear errors, the latest being a Corum Nobis." (Id.) As relief, Petitioner requests that the "Court grant his Motion to Reopen the case and schedule a new hearing to consider the newly discovered evidence." (Id.) Finally, Petitioner argues that he "should not be held to any filing timelines" because he is "subject to 25 years extended supervision."[4] (Id.)

---

[3] These arguments were presented in Petitioner's initial Section 2254 Petition. Therefore, these arguments are not new or based on newly discovered evidence.

[4] There is no authority supporting Petitioner's conclusory claim that the length of his supervised release somehow excuses him from AEDPA's one-year period of limitations for filing a Section 2254 Petition.

8

As Exhibits, Petitioner attaches the following: (1) A copy of a letter from Attorney Heidi Sturm to Petitioner dated December 2, 2011 (Document No. 23-1, p. 1); (2) A copy of a letter from the State of West Virginia Office of Disciplinary Counsel to Petitioner dated December 7, 2012, notifying Petitioner that his legal ethics complaint against Heidi Sturm had been closed (Id., p. 2); (2) A copy of the "Lawyer Disciplinary Board Chief Lawyer Disciplinary Counsel Closing" dated December 7, 2012, finding there was insufficient evidence that Heidi Sturm had violated the Rules of Professional Conduct (Id., pp. 3 – 6); (3) A copy of an article from the West Virginia Record entitled "Supreme Court suspends Fairmont attorney's law license" dated April 11, 2016, regarding Heidi Sturm (Id., pp. 7 – 9); (4) A copy of Petitioner's "Memorandum of Law in Support of Petitioner's Motion for Post-Conviction Habeas Corpus" filed by counsel, Nicholas Forrest Colvin, in the Circuit Court of Marion County on February 2, 2022 (Id., pp. 9 – 21); (5) A copy of Petitioner's "Memorandum in Re Coram Nobis" filed by counsel, Mr. Colvin, in the Circuit Court of Marion County on January 3, 2023 (Id., pp. 22 – 26); and (6) A copy of the "Final Order Denying Petition for Writ of Coram Nobis" filed on June 9, 2023, in the Circuit Court of Marion County (Id., pp. 28 – 45).

Rule 60(b) of the Federal Rules of Civil Procedure "invest[s] federal courts with the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice." Compton v. Alton S.S. Co., 608 F.2d 96, 101-02 (4th Cir. 1979)(citation and internal quotation omitted). "To prevail under Rule 60(b), a party must first demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 299 (4th Cir. 2017)(citing Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48

9

(4th Cir. 1993). A party must also satisfy one of the six specific grounds for relief enumerated in Rule 60(b). Dowell, 993 F.2d at 48. Specifically, Rule 60(b) allows a civil litigant to seek relief from a final judgment and request the reopening of his case based on the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Even though a Court may grant relief based on any of the foregoing grounds, the Fourth Circuit has held that a Rule 60(b) Motion "is not a substitute for a timely and proper appeal." Dowell, 993 F.2d at 48(citation omitted). Furthermore, Rule 60(b)(6) should "be involved in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1) – (5). Aikens v. Ingram, 652 F.3d 496, 500-01 (4th Cir. 2011)(citation omitted); also see Gonzalez v. Crosby, 545 U.S. 524, 529, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)(Rule 60(b)(6) "permits reopening when the movant shows any reason justifying relief from the operation of the judgment other than the more specific circumstances set out in Rule 60(b)(1) – (5)."); Bixby v. Stirling, 90 F.4th 140, 147 (4th Cir. 2024), cert. denied, ___ U.S. ___, 145 S.Ct. 224, ___ L.Ed.2d ___ (2024)("[D]espite Rule 60(b)(6)'s 'open-ended language,' the Supreme Court has 'firmly reined in' the provision's scope by

10

requiring extraordinary circumstances to involve it.") Furthermore, the Supreme Court has emphasized that the catch-all provision in subsection (b)(6) cannot be invoked unless the other subsections of the rule are inapplicable. Kemp v. United States, 596 U.S. 528, 533, 142 S.Ct. 1856, 213 L.Ed.2d 90 (2022). Finally, a Rule 60(b) motion must be filed "within a reasonable time - - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Although Rule 60(b) generally applies to federal civil litigations, federal habeas corpus is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). See Banister v. Davis, 590 U.S. 504, 140 S.Ct. 1698, 1703, 207 L.Ed.2d 58 (2020). AEDPA strictly limits the ability of prisoners to file more than one habeas petition. Id.; also see 28 U.S.C. § 2244(b). In order to file a second or successive petition in a district court, "a prisoner must first obtain leave from the court of appeals based on a 'prime facie showing' that his petition satisfies the statute's gatekeeping requirements." Banister, 590 U.S. at 509, 140 S.Ct. at 1704. Specifically, Section 2244(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). If a party files a second or successive petition in the district court without first obtaining authorization from the court of appeals, the district court must dismiss the petition for lack of jurisdiction. See United States v. Joy, 585 Fed.Appx. 33, 34 (4th Cir. 2014). A habeas petitioner cannot avoid the second or successive gatekeeping mechanism of the AEDPA by raising habeas claims in a filing that he designates as a Rule 60(b) motion. Gonzalez, 545 U.S. at 530, 125 S.Ct. 2641.

In Richardson v. Thomas, 930 F.3d 587 (4th Cir. 2019), the Fourth Circuit recently addressed the issue of 28 U.S.C § 2244(b)'s statutory prohibition against the filing of successive *habeas* petitions and the availability of Rule 60(b) to petitioners requesting the reopening of federal *habeas* proceedings. Richardson v. Thomas, 930 F.3d 587, 595 (4th Cir. 2019). The Fourth Circuit noted that "the United States Supreme Court has 'firmly reined in' the availability of Rule 60(b) to a prisoner who seeks to reopen a final judgment issued in his federal habeas proceedings" due to Section 2244(b)'s statutory prohibition against successive *habeas* petitions. Id.(citing Moses v. Joyner, 815 F.3d 163, 168 (4th Cir. 2016). Citing Gonzales, the Fourth Circuit notes that the Supreme Court held that Rule 60(b) had valid, but narrow, role to play in *habeas* cases. Id.(citing Gonzales, 545 U.S. at 531, 125 S.Ct. 2641). Specifically, the Fourth Circuit explained as follows:

> The *Gonzales* analysis of the interplay between § 2244(b) and Rule 60(b) is important, and it reflects the unquestionable primacy of § 2244(b). A habeas petitioner is precluded from utilizing Rule 60(b) to assert a federal habeas "claim" as that term is used in § 2244(b) – that is, "an asserted federal basis for relief from a state court's judgment of conviction." *Gonzales*, 545 U.S. at 530, 125 S.Ct. 2641. A motion that seeks to present a claim of constitutional error that was omitted from the prior habeas petition, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied, or a motion that "contend[s] that a subsequent change in substantive law is a 'reason justifying relief,'" must be dismissed. *Id.* at 531, 125 S.Ct. 2641 (*quoting* Fed. R. Civ. P. 60(b)(6)). "[S]uch a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Id.* at 531, 125 S.Ct. 2561.
> Thus, "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents [the Antiterrorism and Effective Death Penalty Act's (AEDPA)] requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 531, 125 S.Ct. 2641(citing 28 U.S.C. § 2244(b)(2)). "The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated … ." *Id.* And, allowing such claims to proceed under "Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.* at 532, 125 S.Ct. 2641(citing 28 U.S.C. § 2244(b)(3)).

12

Applying this clear guidance, the determination of whether a Rule 60(b) motion presents a habeas claim is "relatively simple." *Id.* If the Rule 60(b) motion raises a new ground for relief from the prisoner's state court conviction, it must be dismissed. And if the motion "attacks the federal court's previous resolution of a claim on the merits," it must also be dismissed. *Id.*; *see also id.* at 532 n.4, 125 S.Ct. 2641(When the movant asserts "that there exist . . . grounds entitled [him] to habeas corpus relief under 28 U.S.C § 2254(a) and (d)," or "asserts that a previous ruling regarding one of those grounds was in error," he is seeking to raise a habeas corpus claim in a Rule 60(b) motion.). The narrow role carved out in *Gonzalez* for Rule 60(b) motions in the habeas context, in contrast, allows a district court to reopen nonmerits-based denials or dismissals of a state prisoner's federal habeas petition or claim, which resulted in no federal court having considered the merits of the claim at all. The Rule 60(b) movant is not raising a new habeas corpus claim, or attacking the federal court's previous denial of the claim on the merits, when he "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532, 125 S.Ct. 2641 n.4.

Accordingly, when presented with a Rule 60(b) motion in a habeas proceeding, the district court's first inquiry must be to "decide whether [the] Rule 60(b) motion filed by [the] habeas petitioner is a 'habeas corpus application' as [§ 2244(b)] uses that term." *Id.* at 530, 125 S.Ct. 2641. "If so, the court must either dismiss the motion for lack of jurisdiction or transfer it to this court so that we may perform our gatekeeping function under § 2244(b)(3)." *Winestock*, 340 F.3d at 207.

Id. at 595-96.

In his instant Rule 60(b) Motion, Petitioner is requesting that this Court reopen the above action based on "newly discovered evidence." (Document No. 23, p. 1.) As explained above, a Motion brought under Rule 60(b)(2) (newly discovery evidence) must be brought within one year of the entry of the judgment being challenged. See Fed.R.Civ.P. 60(c)(1). Therefore, Petitioner's Motion under Rule 60(b)(2) is clearly untimely because it was filed nearly seven years after Petitioner's initial Section 2254 Petition was dismissed. (See Document Nos. 21 and 23.)

Even assuming considering Petitioner's Motion under Rule 60(b)(6), Petitioner has not established timeliness or extraordinary circumstances[5]. In his instant Rule 60(b) Motion, Petitioner

---

[5] It is Petitioner's burden to establish extraordinary circumstances. Petitioner, however, wholly fails to assert any extraordinary circumstances regarding his Rule 60(b) Motion. The Court may not act as an advocate for Petitioner and

13

requests that this Court reopen the above action based on "newly discovered evidence." Petitioner, however, wholly fails to set forth the "new discovered evidence." Petitioner merely attaches numerous Exhibits for the Court's review. Although a court liberally construes *pro se* filings, a court does not act as a *pro se* litigant's advocate *sua sponte* developing claims or arguments on behalf of the *pro se* litigant. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); also see Johnson v. Government Employees Insurance Company, 2014 WV 4648171 (D.Del. Sept. 2014)(the Court stating that it was not "Captain Jack Sparrow, in search of the hidden treasure from the 'dreaded Isla de Muerta,' the 'island that cannot be found except by those who already know where it is.'") Despite the foregoing, the undersigned has reviewed the Exhibits in an effort to determine Petitioner's claim of newly discovered evidence. First, Petitioner appears to be referring to the West Virginia Supreme Court of Appeals' 90-day suspension of the law license of Petitioner's prior defense counsel, Heidi Sturm, in April 2016.[6] (Document No. 23-1, pp. 7 –

---

construct such arguments on his behalf.

[6] The underlying cause for Ms. Sturm's suspension, however, was not based upon her representation of Petitioner. The underlying cause for Ms. Sturm's suspension was related to the following: (1) The hiring of Ms. Sturm by Laverne G. Wright-Ochoa to represent her son, Lael Brown, in habeas proceedings; and (2) The appointment of Ms. Sturm to represent Kenneth L. Greynolds in a criminal matter. The West Virginia Supreme Court of Appeals noted that "[t]he totality of Ms. Sturm's conduct warrants more than a reprimand, especially in light of the ineffectiveness of the two admonishments that she already received in other cases with similar conduct." (*Id.*) On December 7, 2012, the Lawyer Disciplinary Board denied Petitioner's Complaint of lack of communication and diligence against Ms. Sturm based upon insufficient evidence to establishing that Ms. Sturm violated the Rules of Professional Conduct. (*Id.*, pp. 3 – 6.) In the decision, the Lawyer Disciplinary Board stated as follows: "In the instant case, communication between Complainant and Respondent appears to have been less than optimal and Respondent is strongly warned to be mindful of her duties pursuant to Rule 1.3 and 1.4 of the Rules of Professional Conduct in future matters." (*Id.*) It is unclear from the record as to whether the admonishment by the Lawyer Disciplinary Board is one of the admonishments referred to by the West Virginia Supreme Court in the decision suspending Ms. Sturm's law license for 90-days. Even assuming so, such does not result in a conclusion that Petitioner was subjected to ineffective assistance of counsel or somehow entitled to tolling of the limitations period for filing his Section 2254 Petition. Furthermore, this alleged "newly discovery evidence" was available in April 2016 and prior to the filing of Petitioner's initial Section 2254 Petition on May 31, 2016. Additionally, Petitioner filed a copy of this same article during his initial Section 2254 proceedings on September 20, 2016. (Document No. 14.)

8.) Second, Petitioner refers to his Petition for Writ of Corum Nobis[7] arguing that counsel in that proceeding "discovered multiple errors, lack of and lost evidence by the State of West Virginia." (Document No. 23.) In his Petition for Corum Nobis filed in State court on June 2, 2022, Petitioner presented the following assignments of error:

    1.    Petitioner avers that he received ineffective assistance of counsel.
         (a)    Failure to review discovery
         (b)    Failure to obtain independent expert
         (c)    Failure to pursue "lost" evidence
         (d)    Failure to engage in independent investigation
         (e)    Uninformed waiver of pre-sentence investigation report
         (f)    Failure to obtain requisite psychological/psychiatric evaluations for alternative sentencing purposes
         (g)    Failure to provide meaningful opportunity for a fair trial

    2.    The Petitioner states that his plea was not voluntary
         (a)    Improper Alford plea of guilty
         (b)    Failure to detail supervised release mechanics
         (c)    Failure to ensure Defendant was properly medicated

    3.    The Grand Jury improperly indicted the Petitioner for the charge of Sexual Abuse in the First Degree.

(Document No. 23-1, pp. 9 – 26.) After conducting an omnibus hearing, the State court denied Petitioner's Petition for Writ of Corum Nobis on June 9, 2023. (Id., pp. 28 – 45.) Concerning the allegedly "lost evidence," the State court found as follows: (1) "Mr. Pifer alleges that the investigating officer 'inadvertently erased' an audio recording of a pre-trial interview conducted with Mr. Pifer and his counsel Heidi Sturm;" (2) "At the evidentiary hearing in this case, Mr. Pifer testified that he knew that evidence was lost, but could not recall what that evidence was, but was sure his attorneys never discussed the lost evidence with him;" and (3) Mr. Pifer has provided no

---

[7] Petitioner's Petition was filed as a Motion for Post-Conviction Habeas Corpus in the Circuit Court of Marion County, but it was later construed as a Petition for Writ of Coram Nobis. (Document No. 23-1, p. 28.)

evidence to this Court to suggest that the evidence that was allegedly lost was exculpatory or would have changed Mr. Pifer's decision to enter his guilty plea." (Id., pp. 39 – 40.)

The undersigned, therefore, considers whether Petitioner's Motion construed as filed under Subsection (b)(6) satisfies the timeliness requirement under Rule 60(c). As stated above, Rule 60(c)(1) requires that Rule 60(b)(6) motions "be made within a reasonable time" and the movant bears the burden of showing timelines. Moses v. Joyner, 815 F.3d 163, 166 (4th Cir. 2016). First, Petitioner refers to the West Virginia Supreme Court of Appeals' 90-day suspension of the law license of Petitioner's prior defense counsel, Heidi Sturm, in April 2016. The foregoing occurred prior to the filing of Petitioner's initial Section 2254 Petition (May 31, 2016), and was known to Petitioner during those proceedings. (See Document No. 14.) Therefore, Petitioner is incorrect in his assertion that the foregoing is newly discovered evidence. Additionally, the undersigned finds that such is not timely asserted.

Second, Petitioner appears to wish for this Court to consider the allegedly newly discovered claims that were asserted in his Petition for Writ of Coram Nobis, which was filed in State court on June 2, 2022. The State court denied Petitioner's Petition for Writ of Coram Nobis on June 9, 2023. Petitioner waited until March 11, 2025 to file his Rule 60(b) Motion, which was approximately 2 years and 9 months after the filing of the Petition for Writ of Coram Nobis and 1 year and 9 months after the denial of his Petition for Writ of Coram Nobis. The Fourth Circuit has recognized that a nearly two-and-a-half year delay and a 15 month delay after the movant knew, or should have known, the basis for his Rule 60(b) claim would be inordinate delay under any circumstances. Moses, 815 F.3d at 166. The undersigned, therefore, finds that Petitioner's Rule

60(b) Motion is untimely as the Motion was not filed with a "reasonable time" after Petitioner knew, or should have known, the basis for his Rule 60(b)(6) claim.

**2.     Motion to Vacate Sentence:**

In his Motion to Vacate Sentence, Petitioner merely requests that this Court vacate or dismiss "all convictions" and his term of supervised release "due to many errors and violations by the State of West Viriginia." (Document No. 24.) Subsequently, Petitioner filed an additional document in support of his Motion. (Document No. 26.) In the document, Petitioner first states that "Officer Glen Staley of the Fairmont City Police Department testified at the Magistrate's (Melissa Pride Linger) preliminary hearing that there were no signs of any physical altercation, [but] yet it was bound over for the grand jury and [Petitioner] was magically indicted on evidence that didn't exist." (Id.) Second, Petitioner concludes that "Former Supreme Court Justice Margaret Workman, who was impeached on high crimes and misdemeanors, ignored recommendations of disciplinary actions toward Heidi Sturm." (Id.) Petitioner states that the "[p]oint being is the entire system from the Supreme Court to wanna be attorneys are utterly corrupt [because] how Sturm still has a law license is beyond comprehension." (Id.) Finally, Petitioner states that "prosecutor, Christina Mulligan, was fired." (Id.)

In his Amended Motion to Vacate, Petitioner requests that his Motion be amended to include a request for "full and complete expungement from all state and federal data bases, including DNA" and "all internet websites including employment background sites with prejudice." (Document No. 27.) As Exhibits, Petitioner attaches a copy of his arrest report from the Fairmount Police Department concerning his April 5, 2010 arrest (Document No. 27-1, p. 1); and (2) A copy of an article regarding the impeachment of Margaret Workman (Id., pp. 2 – 3).

17

The undersigned finds that Petitioner's above Motion to Vacate and Amended Motion to Vacate[7] are requesting that this Court consider new and repeated *habeas* claims, which would impermissibly circumvent the AEDPA's requirement that a successive petition be precertified by the Fourth Circuit as falling within an exception to the successive-petition bar. Accordingly, the undersigned will consider whether this Court should (1) dismiss the motion for lack of jurisdiction, or (2) construe such as a motion for authorization to file a successive *habeas* petition pursuant to 28 U.S.C. § 2244(b) and transfer such to the Fourth Circuit for consideration. Under the AEDPA, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Title 28 U.S.C. § 2244(b) provides as follows:

(1)     A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application should be dismissed.

(2)     A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless - -

       (A)     the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

       (B)(i)    the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

              (ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

---

[7] A Writ of Error *Coram Nobis* may not be used to attack a state conviction. *See Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964)("Error *Coram Nobis*, as indulged in *United States v. Morgan*, cannot issue under the instant proceeding, nor may it be read as a 28 U.S.C. § 2255 Motion; for the judgments are not in the court which Thomas has petitioned."); *In re: Egan*, 2009 WL 2235814 (4th Cir. July 27, 2009)(stating that a "writ of error coram nobis may not be used to set aside a state conviction"); *In re: Shelton*, 1 Fed.Appx. 149 (4th Cir. 2001)(finding that "this court has no jurisdiction under § 1651(a) to alter the judgment of a Virginia trial court"); *Sinclair v. Louisana*, 679 F.2d 513 (5th Cir. 1982)(stating that a "writ of error *coram nobis* can only issue to aid the jurisdiction of the court in which the conviction was had"); *Patterson v. McGraw*, 2014 WL 989200 (S.D.W.Va. March 13, 2014)(J. Johnston)("It is well settled that the writ of error *coram nobis* is not available in federal court to attack state criminal judgments."); *Campbell v. DeWalt*, 2010 WL 2901874, * 2 (S.D.W.Va. July 21, 2010)(J. Faber)(federal district courts lack jurisdiction to issue writs of *error coram nobis* to set aside judgments of state courts).

> convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). In the above Motions, Petitioner makes no argument that that the factual predicate for his current claims could not have been previously discovered through the "exercise of due diligence" and those facts "establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder" would have found Petitioner guilty. Additionally, Petitioner does not assert that his "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." Thus, the undersigned finds that Petitioner's Motions should not be construed as a Motion for Authorization to File a Successive Habeas Petition Pursuant to 28 U.S.C. § 2244(b) and transferred to the Fourth Circuit.

Based upon the foregoing, the undersigned respectfully recommends that the District Court find Petitioner's Motion to Vacate and Amended Motion to Vacate (Document Nos. 24 and 27) are in substance a successive *habeas* petition, dismiss such for lack of jurisdiction, and decline to construe such as a Motion for Authorization to File a Successive Habeas Petition Pursuant to 28 U.S.C. § 2244(b).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Rule 60(b) Motion (Document No. 23), **DISMISS** Petitioner's Motion to Vacate (Document No. 24) and Amended Motion to Vacate (Document No. 27), and **REMOVE** this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner, who is acting *pro se*, and to counsel of record.

Dated: July 29, 2025.



Omar J. Aboulhosn
United States Magistrate Judge